IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| WILLIAM J. SIRUCEK, | ) | Cause No. CV 11-147-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, | ) | |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On November 15, 2011, Petitioner William Sirucek filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Sirucek is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

1

On April 11, 2007, Sirucek was convicted in Montana's Fourth Judicial District Court of a fourth or subsequent offense of driving under the influence ("DUI"). The penalty for felony DUI is commitment to the custody of the Department of Corrections for 13 months, followed by a five-year prison sentence, with all prison time suspended. Mont. Code Ann. §§ 61-8-731(1) (eff. July 1, 2006).[1] On September 24, 2008, Sirucek's suspended sentence was revoked, and he was resentenced to serve four years in prison. Pet. (doc. 1) at 1-2 ¶¶ 3-9.

Because it is more efficient to address the petition on the merits, procedural issues such as exhaustion, default, and the federal limitations period will not be considered. 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

Sirucek contends that a sentence consisting of a term of commitment to the Department of Corrections and also a prison term violates the Federal Constitution's Double Jeopardy Clause. Pet. at 3 ¶¶ 17-18. He claims that "[t]he statute itself is a violation of Double Jeopardy rules for allowing two sentences that are distinct to be imposed." Pet. at 3-4 ¶ 21.

The Double Jeopardy Clause, U.S. Const. amend. V, certainly applies to the

---

[1] Sirucek does not give the date of the offense, but § 731(1) has not changed in any relevant respect since 2001.

States, *Benton v. Maryland*, 395 U.S. 784, 795-96 (1969); U.S. Const. amend. XIV, § 1, but "the substantive power to prescribe crimes and determine punishments is vested with the legislature," *Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (citing *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 93 (1820)). Thus, the Double Jeopardy Clause "serves principally as a restraint on courts and prosecutors," not legislatures; in particular, it does not limit the punishments a legislature may authorize, *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *see also, e.g.*, *Belgarde v. Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997).

There is no doubt what the Montana Legislature intended to say in § 731(1). Because "[t]he question of what punishments are constitutionally permissible is no different from the question of what punishment the Legislative Branch intended to be imposed," *Albernaz v. United States*, 450 U.S. 333, 344 (1981), what § 731(1) authorizes as punishment *is* the punishment. The Double Jeopardy Clause has nothing to say about it.

Commitment of a prisoner to different types of custody under the oversight of different authorities is as constitutionally unremarkable as revocation of a previously suspended prison term.[2] A person convicted of one offense may be sentenced to a

---

[2] For instance, nearly every person sentenced to federal prison is also sentenced to a term of supervised release – a form of conditional release, like probation or parole – following completion of the prison term. 18 U.S.C. § 3583(a). The United States Attorney General, an officer of the

3

prison term, followed by conditional release and accompanied by a fine and restitution. That does not mean he is subjected to "multiple punishment," so long as Congress authorizes courts to impose all these forms of punishment as a sanction for committing the federal offense. Likewise, Sirucek's commitment to the DOC, followed by a suspended prison term, followed by revocation of the suspended sentence and resentencing to prison, does not constitute "multiple punishment." *E.g.*, *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995). All these forms of punishment make up one sentence as defined by the Montana Legislature in § 731(1).

The petition shows neither a Double Jeopardy violation nor any other violation of the Constitution or other federal law. For instance, the punishment prescribed by the Montana Legislature is not "cruel and unusual" in violation of the Eighth Amendment. *See Rummel v. Estelle*, 445 U.S. 263, 284-85 (1980) (sentence of life imprisonment for recidivist convicted of obtaining goods worth $120.75 was not "cruel and unusual punishment" proscribed by Eighth Amendment).

Sirucek's claim is squarely precluded by controlling Ninth Circuit and Supreme

---

executive branch who heads the U.S. Department of Justice, has custody of federal prisoners, 18 U.S.C. §§ 4001, 4002, 4042; but a federal prisoner, once placed on supervised release, is in the custody of the United States Probation Office, which is part of the United States Courts, not the Department of Justice. *Id.* §§ 3601, 3603. Before and in between the custody of either, the United States Marshals Service has custody of federal convicts being transferred from one location to another. *Id.* § 4086. These different forms and agents of punishment are all authorized by Congress and so are not constitutionally objectionable.

Court case law. It fails to make a substantial showing of the denial of a constitutional right. There is no reason to encourage further proceedings. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Sirucek.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Sirucek may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Sirucek files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he

5

relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Sirucek from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Sirucek must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of November, 2011.

        /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge