

**FILED**

NOV 2 9 2011

PATRICK E. DUFFY, CLERK

By _____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| WILLIAM J. SIRUCEK,　　　　　) | CV 11-147-M-DWM-JCL |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Petitioner,　　　　) | |
| v.　　　　　　　　　　　　　) | ORDER |
| 　　　　　　　　　　　　　　　) | |
| MIKE MAHONEY, Warden,　　　) | |
| Montana State Prison,　　　　) | |
| 　　　　　　　　　　　　　　　) | |
| 　　　　　Respondent.　　　　) | |
| _____) | |

On November 15, 2011, Petitioner William J. Sirucek, proceeding pro se,
filed a petition for a writ of habeas corpus. (Dkt # 1). The matter was referred to
Magistrate Judge Lynch under 28 U.S.C. § 636(b). Judge Lynch issued his
Findings and Recommendation on November 16, 2011. (Dkt # 3). He
recommended that Sirucek's petition be dismissed on the merits and a certificate
of appealability be denied.

Mr. Sirucek timely objected to Judge Lynch's Findings and

1

Recommendation on November 28, 2011. (Dkt # 4). He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to are reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

On April 11, 2007, Mr. Sirucek was convicted in Montana state court for a fourth or subsequent offense of driving under the influence ("DUI"). The penalty for a fourth or subsequent DUI is commitment to the custody of the Department of Corrections for 13 months, followed by a suspended five-year prison sentence. Mont. Code Ann. § 61–8–731(1). Mr. Sirucek's suspended prison sentence was revoked on September 24, 2008, and he was resentenced to serve four years in prison. (Dkt # 1). Mr. Sirucek argues in his petition that the 13 month sentence, coupled with the suspended five-year prison sentence, violates the Double Jeopardy Clause of the United States Constitution. See U.S. Const. amend. V.

The Court agrees with Judge Lynch that Mr. Sirucek's claim fails. The punishment provided in Montana Code Annotated § 61–8–731(1) does not amount to a double jeopardy violation. The Double Jeopardy Clause "serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments . . . ." Belgarde v.

2

Montana, 123 F.3d 1210, 1215 (9th Cir. 1997) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). Thus, the Double Jeopardy Clause does not bar the punishment set out in § 61–8–731(1).

Indeed, as Judge Lynch observed in his Findings and Recommendation, persons convicted of an offense are commonly sentenced to different types of custody under the oversight of different authorities. Judge Lynch correctly noted that "[a] person convicted of one offense may be sentenced to a prison term, followed by condition release and accompanied by a fine and restitution." 2–3 (dkt # 3). Such punishments do not run afoul of the Double Jeopardy Clause. See, e.g., Moor v. Palmer, 603 F.3d 658, 660 (9th Cir. 2010); United States v. Soto-Olivas, 44 F.3d 788, 789–90 (9th Cir. 1995).

In his objections, Mr. Sirucek merely repeats the arguments he made in his petition. For the reasons above, his petition and objections are without merit.

Accordingly, IT IS ORDERED that the Findings and Recommendation (dkt # 3) is adopted in full;

IT IS FURTHER ORDERED that William Sirucek's petition is DISMISSED. The Clerk of Court is directed to enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this _____ day of _____ 2011.

Donald W. Molloy, District Judge
United States District Court